IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**DEANTE DRAKE,**

   **Petitioner,**

**v.**                **Case No. 5:19-cv-00524**

**D.L. YOUNG, Warden,**
**FCI Beckley,**

   **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A. Petitioner's conviction and direct appeal proceedings.

On January 8, 2008, Petitioner pled guilty, pursuant to a written plea agreement, to one count of conspiracy to knowingly and intentionally possess with intent to distribute fifty grams or more of cocaine base, also known as "crack," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, as set forth in Count One of a four-count Indictment filed in the United States District Court for the Northern District of West Virginia.

(*United States v. Drake*, No. 1:07-cr-00053-IMK-MJA, ECF Nos. 14, 138, 141). Petitioner's written plea agreement contained a stipulation that Petitioner was a career offender under § 4B1.1 of the United States Sentencing Guidelines and that his total relevant conduct was between 50 and 150 grams of cocaine base.   The plea agreement also contained a waiver of Petitioner's appellate and post-conviction collateral attack rights, so long as he was sentenced within a Guideline level lower than 38.

On May 12, 2008, Petitioner's total adjusted offense level was determined to be 35, with a criminal history category of VI, resulting in a sentencing range of 292-365 months in prison.   Petitioner was sentenced to serve 292 months in prison, followed by a five-year term of supervised release.   (*Id.*, ECF No. 165).

Despite the appellate waiver provision in his plea agreement, Petitioner appealed his sentence to the United States Court of Appeals for the Fourth Circuit.   The United States of America moved to dismiss the appeal based upon the appellate waiver provision. On March 16, 2009, the Fourth Circuit found that all of Petitioner's claims were waived by the appellate waiver provision of his plea agreement, except for his claim that his career offender sentence was unreasonable and racially disparate from his co-defendants.   The Court rejected Petitioner's claim that his sentence was impermissibly based on race, dismissed all other claims as waived, and affirmed his Judgment.   *United States v. Drake*, No. 08-4589, 318 F. App'x 247 (4th Cir. Mar. 16, 2009).

**B.    Petitioner's prior post-conviction filings.**

On August 28, 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Northern District of West Virginia (hereinafter "the Northern District Court").   (*Drake v. United*

*States*, No. 1:09-cv-00128-IMK, ECF No. 223).    Petitioner asserted five grounds for relief in that motion:    (1) his counsel failed to object to the magistrate judge's recommendation to deny his motion to suppress evidence; (2) his counsel made misrepresentations concerning the waiver provision in his plea agreement; (3) his counsel failed to challenge the fact that the Government did not file an information related to prior convictions, pursuant to 21 U.S.C. § 851, prior to his plea hearing; (4) his counsel failed to challenge the application of the career offender enhancement at sentencing; and (5) on appeal, his counsel failed to raise the argument that his indictment was based upon a defective warrant.

On March 21, 2011, the Northern District Court denied Petitioner's section 2255 motion.   (*Id.*, ECF No. 251).   The Northern District Court found that grounds 1-3 were waived by Petitioner's valid appellate waiver, and that grounds 4 and 5 lacked merit. (*Id.*)   Petitioner's motion to alter or amend that judgment was also denied on July 14, 2011.   (*Id.*, ECF Nos. 255, 256).   Petitioner's appeal of the denial of relief under § 2255 was dismissed by the Fourth Circuit, and Petitioner's motion for rehearing was denied. *United States v. Drake*, No. 11-7131, 464 F. App'x 126 (4th Cir. Feb. 13, 2012). (*Id.*, ECF Nos. 267, 270).   The Northern District Court subsequently denied a litany of other *pro se* motions filed by Petitioner.

On November 22, 2013, Petitioner filed a second § 2255 motion in the Northern District Court, which was dismissed as an unauthorized second or successive § 2255 motion on February 6, 2015.   (*Id.*, ECF Nos. 308, 357).   Petitioner's motion for reconsideration was also denied.   (*Id.*, ECF No. 360, 361).   Petitioner's appeal of the denial of his second § 2255 motion was dismissed by the Fourth Circuit on August 24,

2015.   (*United States v. Drake*, No. 15-6493, 613 F. App'x 238 (4th Cir. Aug. 24, 2015).
(*Id.*, ECF No. 373).

On March 11, 2016, Petitioner filed a motion for reduction of sentence under Rule
35(a), which was treated by the Northern District Court as another § 2255 motion. (*Id.*,
ECF No. 390).   However, that motion was dismissed without prejudice for failure to
prosecute on August 3, 2016.   (*Id.*, ECF No. 399).   His appeal thereof was dismissed as
untimely on May 19, 2017.   *United States v. Drake*, No. 17-6086, 689 F. App'x 219 (4th
Cir. May 19, 2017).   (*Id.*, ECF No. 409).   Petitioner's motion for rehearing was denied.
(*Id.*, ECF No. 412).

On January 17, 2017, the President of the United States commuted Petitioner's
sentence to 188 months in prison.   On September 5, 2017, Petitioner filed another appeal
of his criminal judgment in the Fourth Circuit.   (*Id.*, ECF No. 417).   On January 2, 2018,
the Fourth Circuit dismissed that appeal as untimely and for lack of jurisdiction.   *United
States v. Drake*, No. 17-7204, 707 F. App'x 780 (4th Cir. Jan. 2, 2018).   (*Id.*, ECF No.
422).   Petitioner's petition for rehearing was denied as untimely.   (*Id.*, ECF No. 425).
On October 1, 2018, Petitioner's petition for a writ of certiorari was denied by the Supreme
Court of the United States.   *Drake v. United States*, 139 S. Ct. 207 (2018).   (*Id.*, ECF No.
427).   His petition for rehearing was also denied on December 3, 2018.   *Drake v. United
States*, 139 S. ct. 450 (2018).

On October 23, 2018, the Fourth Circuit denied Petitioner's motion under 28
U.S.C. § 2244 for authorization to file a second or successive § 2255 motion.   *In re:
Deante Drake*, No. 18-361 (4th Cir. Oct. 23, 2018).   (*Id.*, ECF No. 428).   On January 30,
2019, Petitioner again attempted to appeal his criminal judgment.   (*Id.*, ECF No. 429).

That appeal was dismissed by the Fourth Circuit as being untimely and for lack of jurisdiction on June 14, 2019. *United States v. Drake*, No. 19-6168, 771 F. App'x 240 (4th Cir. June 14, 2019). (*Id.*, ECF No. 436).

On October 16, 2019, subsequent to the filing of the instant petition in this court, the Northern District Court granted Petitioner's Motion to Reduce Sentence under 18 U.S.C. § 3582(c), pursuant to § 404 of the First Step Act, and reduced Petitioner's term of supervised release from five years to four years. (*Id.*, ECF Nos. 433, 451). Petitioner was released from custody to supervision on December 26, 2019.[1]

## C.    Petitioner's § 2241 petition.

On July 17, 2019, while incarcerated at FCI Beckley in Beaver, West Virginia, Petitioner filed the instant § 2241 petition (ECF No. 1), along with additional supporting documentation (ECF No. 2), which contains his grounds for relief. Petitioner's petition appears to be asserting two basic claims: (1) that his rights under the Fifth Amendment Due Process Clause and the Sixth Amendment Confrontation Clause were violated when the government relied upon a drug quantity, to which the Petitioner stipulated in his plea agreement, without providing the testimony of the chemist who drafted the lab report concerning the drug testing; and (2) that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1957) by failing to disclose evidence that Deputy Sheriff Darren Stout had

---

[1]  Because the instant petition challenges the validity of Petitioner's conviction and sentence, and he is still under supervision for that conviction, his petition was not mooted by his release from custody. *See, e.g.* *Carafas v. LaVallee*, 391 U.S. 234 (1968) (where "collateral consequences" remain, a habeas corpus petition is not mooted by the petitioner's unconditional release from custody); *Jones v. Cunningham*, 371 U.S. 236 (1963) (parole releasee still considered to be "in custody" for purpose of habeas corpus); *Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir. 2012), abrogated on other grounds by *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) ("Release from prison, standing alone, often entails sufficient restraints on liberty to meet the 'in custody' requirement of habeas corpus.")

not been cross-deputized as a federal case agent and, thus, lacked jurisdiction as a federal employee.

On August 15, 2019, Petitioner filed a motion to amend and supplement his petition (ECF No. 6), which has been granted by separate order.   The supplement simply asserts that Petitioner's petition was not mooted by his release from custody because he continues to have collateral consequences stemming from the conviction and sentence being challenged.   Because it is apparent from the face of the petition that Petitioner is not entitled to any collateral relief thereon, the undersigned has not required the respondent to respond to the petition.

## ANALYSIS

### A.      Petitioner is not entitled to relief under section 2241.

Petitioner's claims clearly challenge the validity of his conviction and sentence, and not the manner in which his sentence is being executed.   Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Northern District of West Virginia.   Normally, a § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.   However, Petitioner has already unsuccessfully filed a § 2255 motion in his court of conviction.   Thus, he would likely be procedurally barred from filing another § 2255 motion without authorization from the United States Court of Appeals for the Fourth Circuit under very limited criteria.   *See* 28 U.S.C. 2255(h).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that

provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention.    *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").    *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."    The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention.    *Id.* at 332.

Thus, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under § 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination.    The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.    Recently, the Fourth Circuit modified the *Jones* test

and extended the savings clause analysis to sentencing challenges that can meet all of the

following criteria:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) (hereinafter "the *Wheeler* test").

Moreover, as noted above, the savings clause contained in § 2255(e) cannot be used

to circumvent the stringent gatekeeping requirements and procedural bars of § 2255 and

will not permit review of Petitioner's claims, which essentially re-assert claims he made

in his direct appeal and his prior § 2255 motion, or claims which should have been raised

in those proceedings and are now procedurally barred.

Here, Petitioner is not relying on any retroactively applicable change in substantive

law that has occurred since the time of his direct appeal and first § 2255 motion that

makes him either no longer guilty of his crime of conviction, or renders his sentence a

manifest injustice dur to a fundamental defect.    Rather, Petitioner's claims are grounded

in constitutional principles and authority that was available to him at the time of his

conviction and sentencing.    Thus, he cannot meet the criteria of *Jones* or *Wheeler*.

Accordingly, the undersigned proposes that the presiding District Judge **FIND**

that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test

the legality of his detention and his claims are not proper for consideration under 28

U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claims contained in his § 2241 petition.

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and additional documents (ECF Nos. 2 and 6) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

March 12, 2020

_____
Dwane L. Tinsley
United States Magistrate Judge

10