UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

DEANTE DRAKE,

    Petitioner,

v.                                                                      CIVIL ACTION NO. 5:19-cv-00524

WARDEN D.L. YOUNG,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending is Deante Drake's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1] and additional documents in support of the Petition [Doc. 2] filed July 17, 2019. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on March 12, 2020 [Doc. 9]. In his PF&R, Magistrate Judge Tinsley recommended that the Court dismiss the Petition for a Writ of Habeas Corpus and the additional documents in support of the Petition, dismiss the civil action, and remove the matter from the Court's docket [*Id.*].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis

added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Mr. Drake timely filed his objections on July 8, 2020 [Doc. 16].

Mr. Drake objects to the PF&R's recommendation that his § 2241 petition does not satisfy the criteria of the "savings clause" pursuant to our Court of Appeals' decision in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Specifically, Mr. Drake contends that *United States v. Ferguson*, 752 F.3d 613 (4th Cir. 2014), constitutes a retroactively applicable change in substantive law giving rise to a fundamental defect in his sentence [Doc. 16 at 6]. In *Ferguson*, our Court of Appeals interpreted Rule 32.1 of the Federal Rules of Criminal Procedure -- governing revocation of supervised release -- to require a district court to consider a defendant's right to confrontation prior to admitting a laboratory report into evidence in the absence of a corroborating witness. 752 F.3d at 620 (citing *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012)). The pending petition does not challenge a sentence at revocation, but rather a sentence imposed following Mr. Drake's plea of guilty. The Court did not admit a laboratory report into evidence in the absence of a corroborating witness as the district court did in *Ferguson*. Rather, Mr. Drake entered into a plea agreement in which he stipulated to the drug amount of "at least 50 grams but

less than 150 grams of cocaine base" [Doc. 1-9 at 3]. *Ferguson* bears no relation to Mr. Drake's guilty plea, conviction, or sentence.

Accordingly, Mr. Drake's objections **[Doc. 16]** are **OVERRULED**. The Court **ADOPTS** the PF&R **[Doc. 9]**, **DISMISSES** the Petition for Writ of Habeas Corpus **[Doc. 1]**, and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTERED: September 8, 2020



Frank W. Volk
United States District Judge